**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|         ) | |
|    **Plaintiff,**        ) | |
|         ) | **Case No. 1:15-cr-0021** |
|    **v.**        ) | |
|         ) | |
| **JAMES CRUZ,**        ) | |
|         ) | |
|    **Defendant.**        ) | |
|         ) | |

## <u>ORDER</u>[1]

**BEFORE THE COURT** are the following motions filed by the parties respectively:

1. Defendant James Cruz's ("Defendant" or "Cruz") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on November 21, 2016. (ECF No. 25);

2. United States' Motion to Dismiss with Prejudice the Motion to Vacate Judgment Under 28 U.S.C. § 2255 of James Cruz, filed on January 26, 2017. (ECF No. 27); and

3. Defendant's Supplemental Motion in Support of Petitioner's Motion to Vacate Judgment Under 28 U.S.C. § 2255, filed on March 16, 2020. (ECF No. 36.)

Magistrate Judge George W. Cannon, Jr. issued a Report and Recommendation ("R&R") on April 16, 2018, recommending, *inter alia,* that Cruz's section 2255 motion be denied. *See* ECF No. 29. Cruz filed an objection on May 8, 2018. (ECF No. 32.) As noted above, Cruz also filed an untimely supplemental motion on March 16, 2020. *See* ECF No. 36. The Court, having conducted a de novo review of the record and having made an independent determination finding no error, will adopt the R&R's recommendations,[2] aside from the

---

[1] Due to the retirement of the judge previously assigned to this case, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

[2] *See Hill v. Barnacle*, 655 Fed. Appx. 142, 148 (3d Cir. 2016) (opining that the district court is not required to make separate findings or conclusions when reviewing a Magistrate Judge's report and recommendation de novo under 28 U.SC. § 636(b)) (citing *Elmendorf Grafica, Inc. v. D.S. America, Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995) (opining that "[28 U.S.C. § 636(b)] authorizes the district court to adopt in whole as well as in part the proposed findings and recommendations of the magistrate judge. Where, as here, the magistrate judge decided on an undisputed factual record, the district court was certainly not required to rehash the magistrate judge's reasoning. The role of the magistrate judge is 'to relieve courts of unnecessary work.'") (citations omitted).

*United States v. Cruz*
Case No. 1:15-cr-0021
Order
Page **2** of **3**

R&R's recommendation that a certificate of appealability be granted. Based on developments in case law since the time of the issuance of the R&R, the Court finds there is no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] Accordingly, it is hereby

**ORDERED** that Defendant's Objection to the Report and Recommendation of the Magistrate Judge, ECF No. 32, is **OVERRULED;** it is further

**ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 29, is **APPROVED** and **ADOPTED** as an Order of this Court as if fully set forth herein; it is further

**ORDERED** that Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on November 21, 2016, ECF No. 25, is **DENIED;** it is further

**ORDERED** that the United States' Motion to Dismiss with Prejudice the Motion to Vacate Judgment Under 28 U.S.C. § 2255 of James Cruz, filed on January 26, 2017, ECF No. 27, is **GRANTED;** it is further

**ORDERED** that Defendant's Supplemental Motion in Support of Petitioner's Motion to Vacate Judgment Under 28 U.S.C. § 2255, filed on March 16, 2020, ECF No. 36, is **DENIED;** it is further

**ORDERED** that a certificate of appealability is **DENIED;** it is further

**ORDERED** that a copy of this Order shall be served on James Cruz by certified mail return receipt requested and that a copy of the return receipt shall be filed on the docket; and it is further

---

[3] Magistrate Judge Cannon based his recommendation on the finding that "[r]easonable jurists could disagree on the three issues presented here: first, whether carjacking constitutes a 'crime of violence' under *Robinson*, second, whether carjacking as defined by 18 U.S.C. § 2119 meets the force clause of 18 U.S.C. § 924(c)(3)(A), and third, whether the residual clause, § 924(c)(3)(B), is unconstitutionally vague under *Johnson*." The Third Circuit has recognized *Robinson*'s abrogation by the Supreme Court's holding in <u>United States v. Davis</u>, 588 U.S. 445 (2019). *See United States v. Harris*, 87 F.4th 195, 209-10 (3d Cir. 2023) (Jordan, J., concurring in denial of rehearing *en banc*). Since then, this District has affirmed 924(c) convictions predicated on carjacking as a crime of violence based upon *Davis*'s ruling and finding that carjacking, as defined in 18 U.S.C. § 2119, meets the requirements of 18 U.S.C. § 924(c)(3)(A). *See United States v. Berrios*, 2023 U.S. Dist. LEXIS 128002, at \*47-48 (D.V.I. July 25, 2023). Finally, *Davis* also explicitly held that "§ 924(c)(3)(B) is unconstitutionally vague." 588 U.S. at 470. Thus, given the developments in caselaw since Magistrate Judge Cannon issued his R&R, reasonable jurists can no longer disagree on these three issues.

*United States v. Cruz*
Case No. 1:15-cr-0021
Order
Page **3** of **3**

**ORDERED** that a copy of this Order shall be docketed in the companion civil case of

*Cruz v. United States*, Case No. 1:16-cv-0079 and the Clerk of Court is directed to **CLOSE** that

case.


**Dated:** March 26, 2026                                    */s/ Robert A. Molloy*

                                                            **ROBERT A. MOLLOY**
                                                            **Chief Judge**